UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)
CASE NO. 5:16-181-DCR
JUDGE DANNY C. REEVES

TIMOTHY E. CANTRELL, AS EXECUTOR OF THE
ESTATE OF TIMOTHY WAYNE CANTRELL;
TIMOTHY E. CANTRELL, AS EXECUTOR OF THE
ESTATE OF SUSAN MAE CANTRELL; LESTER
PLUMMER; and PAMELA PLUMMER                                          PLAINTIFFS

VS.                      **ANSWER TO COMPLAINT**
                           *Electronically Filed*

SCHNEIDER NATIONAL CARRIERS, INC. and
JONATHAN FARR                                                        DEFENDANTS

\* \* \* \* \*

Come the Defendants, Schneider National Carriers, Inc. and Jonathan Farr, by counsel, and for their answer to Plaintiffs' complaint, state as follows:

### FIRST DEFENSE

The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

The complaint should be dismissed for failure to name and join indispensable parties.

### THIRD DEFENSE

1.  Defendants are without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraphs 1, 2, 3, and 4 of the complaint, and therefore deny same.

970206.1

2. Defendants deny the allegations contained in numbered paragraphs 5 and 6 of the complaint.

3. Defendants do not answer to the statement of law contained within numbered paragraphs 7 and 8 of the complaint in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself. Defendants deny that Defendant Schneider National Carriers is a citizen of Wisconsin. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore deny same.

4. Defendants admit that Wayne and Susan Cantrell parked their vehicle on the northbound shoulder of I-75 in Scott County, Kentucky as alleged in numbered paragraph 9 of the complaint. Defendants deny that their vehicle was parked in a safe position as further alleged in said paragraph. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of said paragraph, and therefore deny same.

5. Defendants admit the allegations contained in numbered paragraph 10 of the complaint.

6. Defendants deny any allegations or implications of negligence or wrongdoing by these Defendants in numbered paragraph 11 of the complaint. Defendants admit that Defendant Farr was traveling northbound on I-75 as alleged in said paragraph. Defendants do not answer to the statements of law contained within said paragraph in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

7. Defendants are without sufficient information or knowledge to admit the allegations contained in numbered paragraph 12 of the complaint, and therefore deny

same.

8. Defendants deny any allegations or implications of negligence in numbered paragraphs 13, 14, 15, and 16 of the complaint.  Defendants admit all allegations and implications of negligence of Lester Plummer and the unnamed driver of the "other vehicle" in said paragraphs.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore deny same.

9. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraphs 17, 18, 19, and 20 of the complaint, and therefore deny same.

10. Defendants deny the allegations contained in numbered paragraphs 21 and 22 of the complaint.

11. Defendants admit that Susan and Wayne Cantrell died at the scene of the accident as alleged in numbered paragraphs 23 and 24 of the complaint.  Defendants deny that said deaths were "later" as alleged in said paragraphs, but instead assert that such deaths were instantaneous upon impact with vehicles involved in the collision.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore deny same.

12. Defendants deny the allegations contained in numbered paragraphs 25, 26, 27, 28, 29, 30, 31, Count I of the complaint.  Defendants are without sufficient information or knowledge to admit or deny the allegations in said paragraphs as to the cause, nature, extent and duration of Plaintiffs' claimed injuries and damages, and therefore Defendants deny same.

13.    Defendants restate, adopt and incorporate herein by reference all defenses previously stated in numbered paragraphs 1 through 12 above in response to numbered paragraph 32, Count II of the complaint.

14.    Defendants deny any allegations or implications of negligence in causing the subject accident in numbered paragraphs 33, 34, 35, and 36, Count II of the complaint. Defendants do not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.  Defendants deny any allegations of illegal conduct in said paragraphs. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore deny same.

15.    Defendants restate, adopt and incorporate herein by reference all defenses previously stated in numbered paragraphs 1 through 14 above in response to numbered paragraph 37, Count III of the complaint.

16.    Defendants deny the allegations contained in numbered paragraph 38, Count III of the complaint.

17.    Defendants admit that Defendant Farr was an employee and driving a vehicle on behalf of Defendant Schneider National Carriers, Inc. on the date of the subject accident as alleged in numbered paragraph 39, Count III of the complaint.  Defendants do not answer to the statements of law contained within said paragraph in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

18.    Defendants restate, adopt and incorporate herein by reference all defenses previously stated in numbered paragraphs 1 through 17 above in response to numbered paragraph 40, Count IV of the complaint.

19. Defendants admit that the DOT number for Schneider National Carriers, Inc. was displayed on a vehicle driven by Defendant Farr as alleged in numbered paragraph 41, Count IV of the complaint. Defendants deny any allegations or implications of negligence or strict liability in said paragraph. Defendants do not answer to the statement of law contained within said paragraph in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

20. Defendants restate, adopt and incorporate herein by reference all defenses previously stated in numbered paragraphs 1 through 19 above in response to numbered paragraph 42, Count V of the complaint.

21. Defendants deny any allegations or implications of negligence in numbered paragraphs 43, 44, and 45, Count V of the complaint. Defendants do not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

22. Defendants restate, adopt and incorporate herein by reference all defenses previously stated in numbered paragraphs 1 through 21 above in response to numbered paragraph 46, Count VI of the complaint.

23. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraph 47, Count VI of the complaint, and therefore deny same.

24. Defendants deny the allegations contained in numbered paragraphs 48 and 49, Count VI of the complaint.

## FOURTH DEFENSE

Defendants affirmatively state that if on the date and occasion complained of, the subject accident and Plaintiffs claimed injuries and damages, if any, were caused and brought about in whole or in 'part by the negligence of any of the Plaintiffs or Decedents Cantrell, Defendants rely upon same as a complete or partial bar to Plaintiffs' complaint.

## FIFTH DEFENSE

Defendants affirmatively state that if on the date and occasion complained of, the subject accident and Plaintiffs' claimed injuries and damages, if any, were caused and brought about in whole or in part by the negligence of a third-party, not named nor identified in the complaint, Defendants rely upon same as a complete or partial bar to Plaintiffs' complaint.

## SIXTH DEFENSE

Defendants affirmatively state that if on the date and occasion complained of, the subject accident and Plaintiffs' claimed injuries and damages were caused and brought about in whole or in part by an act of God, Defendants rely upon same as a complete or partial bar to Plaintiffs' complaint.

## SEVENTH DEFENSE

Defendants affirmatively state that if on the date and occasion complained of, the subject accident and Plaintiffs' claimed injuries and damages, if any, were caused and brought about in whole or in part by an intervening and superseding cause of which these Defendants had no control, Defendants rely upon same as a complete bar to those applicable portions of Plaintiffs' complaint.

### EIGHTH DEFENSE

Defendants affirmatively rely upon all applicable provisions of Kentucky's Motor Vehicle Reparations Act (K.R.S. 304.39-010, *et seq.*) as a complete bar to those relevant portions of Plaintiffs' complaint.

### NINTH DEFENSE

Defendants affirmatively state that to the extent that Plaintiffs' lost wages, and/or the funeral expenses of the Cantrells, were paid or reimbursed by basic reparations benefits carriers, the cause of action for recovery of such damages belongs to said carriers, and Defendants rely upon same as a complete bar to those portions of Plaintiffs' complaint.

### TENTH DEFENSE

Defendants affirmatively state that to the extent that Plaintiffs have failed to mitigate their damages, Defendants rely upon same as a complete bar to those portions of Plaintiffs' claims caused by such failure.

### ELEVENTH DEFENSE

Defendants rely upon all defenses available pursuant to the Federal Rules of Civil Procedure 8 and 12 as complete bars to those relevant portions of Plaintiffs' complaint.

WHEREFORE, Defendants move for a dismissal of the complaint against them, for their costs incurred herein, and for any and all other relief to which they may appear entitled, to include trial by jury.

Respectfully Submitted:

DANIEL E. MURNER
dmurner@landrumshouse.com
ELIZABETH WINCHELL
ewinchell@landrumshouse.com
LACEY FIORELLA
lfiorella@landrumshouse.com
HANNAH JAMISON
hjamison@landrumshouse.com
LANDRUM & SHOUSE LLP
P.O. Box 951
Lexington, KY 40588-0951
Telephone: (859) 255-2424


BY:   s/Elizabeth Winchell
COUNSEL FOR DEFENDANTS, SCHNEIDER NATIONAL CARRIERS, INC. AND JONATHAN FARR

<u>CERTIFICATE</u>

I hereby certify that on the 5th day of July, 2016, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Michael T. Sutton
msutton@rbcdlaw.com
RAINES, BUECHEL, CONLEY, DUSING & SUTTON, PLLC
6900 Houston Road, Suite 43
Florence, KY 41042
*Counsel for Plaintiff, Timothy E. Cantrell,*
*Executor of the Estates of Timothy Wayne*
*Cantrell and Susan Mae Cantrell*

Harry P. Hellings, Jr.
hhellings@fuse.net
H.P. HELLINGS P.S.C.
214 East Fourth Street
Covington, KY 41012
*Counsel for Plaintiffs, Lester & Pamela Plummer*

BY:    s/Elizabeth Winchell
COUNSEL FOR DEFENDANTS, SCHNEIDER NATIONAL CARRIERS, INC. AND JONATHAN FARR

970206.1                              9